UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORGE ESTRADA-TEPAL<br>　　Defendant | <u>DECLARATION</u><br><br>Ind. #: 14-105 (MKB) |

　　　　STEVEN BRILL, an attorney duly admitted to practice law before the Court, hereby declares the following under the penalty of perjury, pursuant to 28 U.S.C. § 1746, to be true and correct:

　　　　1.  I am attorney of record for the defendant, Jorge Estrada-Tepal, in this action, and as such am fully familiar with the facts and circumstances herein.  All matters of which I lack personal knowledge are based upon information and belief

　　　　2.  This declaration is respectfully submitted in support of Mr. Estrada-Tepal's motion seeking various forms of relief set forth in the annexed Notice of Motion.  In addition, the defendant joins in the motions of other defendants, where appropriate, and requests the right to make additional motions should they become necessary.

　　　　3.  Mr. Estrada-Tepal is charged in the instant indictment in Count One - Sex Trafficking Conspiracy under 18 U.S.C. § 1594(c); Count Two – Sex Trafficking

1

(Jane Doe #1) under 18 U.S.C. §§1591(a)(1), (2), and 1591 (b)(1); Count Five – Conspiracy to Transport Illegal Aliens under 8 U.S.C. 1324 §(a)(1)(A) and (B), and Count Six – Transportation of Illegal Aliens for Financial Gain under 8 U.S.C. §1324(a)(1)(A) and (B).

4. At present, the government has accused the defendant, along with his three co-defendants, of conspiring to engage in sex trafficking involving three women. Each of these women are alleged to have been a "victim" of the charged conspiracy for different periods of time. For example, in Count Two, the alleged acts against Jane Doe #1 purportedly occurred for approximately four years - from 2007-2011. In Count Three, the alleged acts against Jane Doe #2 purportedly occurred for approximately four months – from July 2011 until October 2011. In Count Four, the alleged acts against Jane Doe # 3 purportedly occurred for approximately ten months – from April 2013-January of 2014. Mr. Jorge Estrada-Tepal, as well as the other co-defendants, were not arrested until January of 2014.

5. This Court has scheduled a trial date in this matter for Monday, September 15, 2014, which is less than 90 days away.

6. Currently, the government has exchanged certain discovery in this matter under Rule 16. In a letter dated April 1, 2014, the government stated that, pursuant to its obligation under *Brady v. Maryland*, it was "not aware" of any exculpatory material regarding the defendant. Further, the government has not exchanged any discovery regarding the statements made by the Jane Doe witnesses including, but not limited to, the specific manner in which the government was first

informed of these accusations, or whether any of the Jane Doe witnesses engaged in prior bad acts – including any acts of prostitution – <u>before or after the term of the alleged sex trafficking</u> - and if any of these bad acts resulted in criminal convictions.

    7.  The government is obligated to turn over material that is both favorable to the defendant and material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  This duty includes the disclosure of evidence that is favorable to the defendant, <u>in time for its effective use at trial and immediately upon its request</u>.  *United States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001). Additionally, the government has the duty to disclose evidence that could be used to impeach the credibility of a witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

    8.  In this case, the disclosure has not included any inconsistent statement of any government's Jane Doe witnesses and any other evidence that might raise questions concerning the reliability or integrity of any government witness; benefits provided to any Jane Doe witness including, but not limited to immunity, assistance in state or local criminal proceeding; stays of deportation or any other immigration status considerations and monetary benefits; any prior acts of the Jane Does that would be admissible under Fed. R. Evid. 608, and/or prior convictions admissible under Fed. R. Evid. 609; and whether any of the Jane Doe witnesses have any known substance abuse or mental health issues that would affect their ability to perceive and recall events.

9. These requests more thoroughly addressed in the annexed Memorandum of Law, are made with regard to each of the government's Jane Doe witnesses.

10. The defendant further requests that the government provide pre-trial notice of whether it intends to offer any evidence under Fed. R. Evid. 404(b). Given the fast-approaching trial, we request that this Court direct the government to provide this notification at least 60 days prior to trial.

11. The defendant further requests that, pursuant to Fed. R. Crim. P. 16(a)(1)(G), the government disclose any expert it intends to call under Fed. R. Evid 702, 703 and 705, and provide the defendant with a summary of the expert's opinion, as well as the expert's qualifications and bases for conclusion.

12. In its April 1, 2014 letter, the government stated that it will comply with information regarding expert witnesses when it "become[s] available." Upon information and belief, the government has prosecuted similar cases in the past and, if those cases are any indication, will intend to use an expert in its case-in-chief, ostensibly in the subject of sex trafficking and the state of mind of a sex trafficking victim. The defendant requests that the Court inquire of the government whether they are presently aware the identity of the expert witness, his or her bases of conclusion, and qualifications.

13. The defendant understands that his co-defendants may make motions as well. To the extent that those motions pertain to the defendant, he joins their motion in all respects.

14. This declaration is respectfully submitted in support of the defendant's motion seeking various forms of relief set forth in the annexed Notice of Motion.

Dated: New York, New York
June 24, 2014

                                                SULLIVAN & BRILL, LLP

                                                _____
                                                By: Steven Brill, Esq.

                                                115 Broadway 17th Floor
                                                New York, NY  10006
                                                212-566-1000
                                                Steven.brill@sullivanbrill.com
                                                *Attorney for Defendant Jorge Estrada-Tepal*

cc: All counsel via ECF