UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                                    Ind. #: 14 Cr. 105 (MKB)

JORGE ESTRADA-TEPAL

     Defendant

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

---

Steven Brill, Esq.
SULLIVAN BRILL, LLP
Attorney for Defendant
115 Broadway 17th Floor
New York, NY  10006
212-566-1000
Steven.brill@sullivanbrill.com

## PRELIMINARY STATEMENT

The defendant, Jorge Estrada-Tepal (hereinafter "Jorge"), along with two of his brothers, Ricardo and Leonel, was arrested and charged with being a member of a Sex Trafficking Conspiracy between the years of 2007-2011.   According to the indictment, Jane Doe #1 alleges that between 2007 and 2011, Jorge committed the crime of Sex Trafficking by means of force or threats of force causing Jane Doe #1 to engage in commercial sexual acts (prostitution) against her will.  Unlike a case that may involve evidence in the form of audio recordings or cooperating witnesses, the government's case here rests squarely on the credibility of the Jane Doe witnesses who claim that Jorge, along with this two brothers, forced them to engaged in sex trafficking.  Because the credibility of the Jane Doe witnesses is critical to the case, evidence that falls within the description of *Brady* and *Giglio* evidence becomes that much more significant.  Therefore, the defendant makes this motion, in part, for immediate disclosure of all *Brady* and *Giglio* material.

In addition, the government should disclose its intentions to introduce any and all acts against the defendant pursuant to Fed. R. Evid. 404(b).  Additionally, the government should provide a written summary, as required in Fed. R. Crim. P. 16 (a)(1)(G), of any expert testimony that the government intends to use under Fed. R. Evid 702, 703, or 705 during its case-in-chief at trial.  Similar to our request for immediate production of any *Brady*  and *Giglio* material, the defendant requires notice and disclosure of this evidence in sufficient time in order to move to preclude

2

the introduction of such evidence and to retain the services of our own expert witness.

## MOTIONS

### I.   THE COURT SHOULD REQUIRE  THE GOVERNMENT TO IMMEDIATELY PRODUCE ANY AND ALL *BRADY* AND *GIGLIO* MATERIAL

*Applicable Legal Authority*

It is unquestionable that *Brady v. Maryland*, 373 U.S. 83, 104 (1963) requires the government to disclose evidence "favorable" to the defense as to guilt or punishment.  To be favorable, evidence need not be determinative of guilt or innocence, but must "tend to exculpate" the defendant *See Brady* 373 U.S.at 88.  A defendant is also entitled to disclosure of "evidence affecting the credibility" of a witness whose reliability may be dispositive of guilt or innocence.  *United States v. Giglio*, 405 U.S. 150, 154 (1972).   As stated by the Supreme Court in *United States v. Bagley*, 473 U.S. 667, 674 (1985), "impeachment evidence . . . as well as exculpatory evidence, falls within the *Brady* rule."  The reasoning for this was succinctly expounded by the Second Circuit in *United States v.* Sijo, 514 F.2d 1357, 1364 (2d Cir. 1975) when the Court stated that "[t]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence."

Indeed, the government may respond that it is well-aware of its *Brady* and *Giglio* obligations and will turn it over in a timely fashion.  But the question turns to one of timing.  Routinely, the government exchanges this potential evidence at or

3

very close to trial.  However, several courts have noted that fairness dictates an earlier disclosure.  As a rule, *Brady* material, including material to be used to impeach critical government witnesses, must be turned over sufficiently in advance of trial to allow "for full exploration and exploitation by the defense." *Grant v. Alldredge*, 498 F.2d 376, 382 (2d Cir. 1974); *see also United States v. Baum*, 482 F.2d 1325, 1331 (2d Cir. 1973) ("Ordinarily it is disclosure rather than suppression, that promotes the proper administration of criminal justice.")  The Court in *United States v. Goldman*, 439 F. Supp. 337, 349 (S.D.N.Y. 1977) concluded that "if exculpatory evidence is produced for the first time at trial, the defendant may not have an adequate opportunity to effectively utilize the material, particularly if it points to the existence of other evidence helpful to the defendant." Furthermore, the 2nd Circuit has made it clear that "there is no doubt that the timing of disclosure under *Brady* and *Giglio* may be of critical importance in many criminal cases." *United States v. Coppa*, 267 F.3d 132, 138 (2d Cir. 2001).

It bears mentioning that the *Coppa* Court limited early *Giglio* discovery to impeachment evidence that is material to the defense.  In this regard, a Catch-22 arises: because the government holds all the evidence, it determines what is and is not material to the defense.  Notably, however, the government's own "Manual" recommends broader discovery disclosure than even that specifically prescribed by *Brady*, *Giglio*, or *Kyles*:

> Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially

expressed, made the difference between guilt and innocence. **As a result, this policy requires disclosure by prosecutors of information beyond that which is "material"** to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Strickler v. Greene,* 527 U.S. 263, 280-281 (1999).

*United States Attorney's Manual* ("USAM") §9-5.001(c) (emphasis added).

Furthermore, we urge the Court to instruct the the government to comply with §§9-5.001 and 9-5.100 of their own "USAM" which states in relevant part:

1. **Additional exculpatory information that must be disclosed.** A prosecutor must disclose information that is inconsistent with any element of any crime charged against the defendant or that established a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

2. **Additional impeachment information that must be disclosed**. A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence – including but not limited to witness testimony – the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime.

3. **Information**. Unlike the requirements of *Brady* and its progeny, which focus on evidence, the disclosure requirement of this section applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence.

Finally, irrespective of the government's policy in its disclosure of this material, the defense respectfully reminds this Court that it has the inherent authority to order discovery beyond the bounds of discovery rules, and, as such, this Court need not confine itself to Jenks Act or other discovery rules when it comes to scheduling the government's disclosure requirements. *United States v. Perez*, 222

F.Supp.2d 164, 171 (D.Conn. 2002) (recognizing the court's authority to order early discovery through its "inherent power to manage its docket and provide for the orderly and timely disposition of cases."); *see also United States v. Feliciano*, 998 F.Supp. 166, 170 (D. Conn. 1998) ("Rule 16 is 'intended to prescribe the minimum amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases.'" (*citing*, Fed. R. Crim. P. 16, Advisory Committee Note)).  We request that given the nature and circumstances of the instant matter, this Court access that authority and order the government to make immediate disclosure of all *Brady* and *Giglio* material.

### *Application of Law to This Case*

As the Court is aware, the defendant, Jorge, is charged with sex trafficking (18 U.S.C. §1591) – as part of a conspiracy as well as a substantive count (with respect to Jane Doe #1) – between the years of 2007-2011.  As the Court is also aware, should Jorge be convicted of these charges, he faces a <u>mandatory minimum</u> sentence of at least 15 years.  Trial in this matter is scheduled for September 15, which is now less than 90 days away.

Although the government's trial strategy is not made public, based on the Rule 16 evidence that was previously exchanged as well as my knowledge of the case thus far, the government's case lives or dies on the credibility of the Jane Doe witnesses, each of whom have made claims that they were forced to engage in prostitution by one or more of co-defendants..  At this point, there is no indication of any cooperating witness, who was originally allegedly part of the conspiracy and

now assisting the government.  There exist no recorded phone calls or video surveillance incriminating Jorge or the other defendants.  Additionally, although post-arrest statements were made, no defendant has confessed to the sex trafficking crimes.  Although the government has indeed provided defense counsel with evidence of phone calls between the defendants and money-wire transfers made by the defendants, no evidence, in and of itself – <u>without the accusations made the Jane Doe witnesses</u> – comes close to establishing sufficient evidence of the defendants' guilt.  Moreover, there exists a stark lapse in time – <u>at least 2 ½ years</u> - from the date of the alleged crimes occur and Jorge's ultimate arrest.  Plainly, the reasons for this lapse, along with what Jan exactly Jane Doe #1 was doing between 2011 at 2014, raises significant and relevant questions imperative for the defense.  Moreover, this unaccounted for gap in time raises significant and relevant questions as to the credibility of Jane Doe #1 and the reliability of her criminal accusations.  Presently, the government has provided no discovery that sheds light on the reason for this lapse, or any information as to the circumstances surrounding why, how and when the allegation was eventually made.

Furthermore, upon information and belief, Jane Doe #1 may have <u>voluntarily</u> engaged in prostitution <u>after</u> 2011 – which was outside of the time frame relevant to the substantive crime charged against Jorge.  Should this be accurate, the implications are clear.  It is hard to imagine evidence that is more "material" or "favorable" to the defense and, in turn, more relevant to the credibility and

reliability of Jane Doe #1 and thus the strength or weakness of the government's case against Jorge and his brothers. [1]

In a nutshell, the above-mentioned potential *Brady* and *Giglio* evidence, falls squarely within the type of evidence contemplated by *Brady* and *Giglio* in that it goes to the heart of the validity of the accusations and the credibility and reliability of Jane Doe #1, as well as the other Jane Doe witnesses.   Evidence concerning this lapse in time in addition to Jane Doe #1's conduct from 2011-2014 may very well be "inconsistent with any element of any crime charged against the defendant…regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for the charged crime." *See USAM* § 9-5.000.  Frankly, it is discoverable under the government's own internal policy and therefore, that much more critical, that this Court order the  government to provide immediately the defense counsel with any and all *Brady* and *Giglio* material –as it relates to the Jane Doe witnesses.

For the same reasons that underlie why this Court should direct the government should turn over the above-mentioned  *Brady* and *Giglio* material, the defendant also requests that the Court order the government to turn over the following potential *Brady* and *Giglio* material as well:

---

[1] The government may argue that any evidence of the victim's sexual misconduct is inadmissible under Fed. R. Evid. 412.  However, if any of the Jane Doe witnesses engaged in voluntary prostitution prior or subsequent to the time period in which they alleged force by the defendants, may very well fall into the exception that the exclusion of this evidence would "violate the defendant's constitutional rights" and must be explored.  Fed. R. Evid. 412.

a. Prior inconsistent statements, including, but not limited to, inconsistent attorney proffers. *See United States v. Triumph Capital Group*, 544 F.3d 149 (2nd Cir. 2008);

b. Statements or reports reflecting witness statement variations;

c. Benefits provided to any Jane Doe witness including:

(1) Dropped or reduced charges;
(2) Immunity;
(3) Assistance in state or local criminal proceeding;
(4) Considerations regarding forfeiture of assets;
(5) Stays of deportation or any other immigration status considerations;
(6) S-Visas;
(7) Monetary benefits;
(8) Non-prosecution agreements;
(9) Letters to other law enforcement officials, such as state prosecutors, immigration officials, setting forth the extent of witness' assistance or making substantive recommendations on the witnesses' behalf;
(10) Relocation assistance;
(11) Consideration or benefits to culpable or at risk third-parties.
(12) Prior convictions under Fed. R. Evid. 609.
(13) Notification of any known substance abuse or mental health issues that would affect the witness' ability to perceive and recall events.

As argued above, any delay in the disclosure of this evidence, may not only be determinative of guilt or innocence, but, with less than 90 days until trial, deprive the defense the opportunity to fully explore and exploit the evidence, and provide an effective and zealous defense to which all defendants are entitled.   Once again, the credibility and reliability of the Jane Doe witnesses are critical to the government's case; their allegations <u>must</u> be believed by a jury beyond a reasonable doubt for conviction.   This reality makes this *Brady*  and *Giglio* request even more

9

appropriate, and underscores why the government should not be permitted to exchange this material in the typical fashion.[2]

## II.   THE COURT SHOULD REQUIRE THE GOVERNMENT TO NOTIFY DEFENSE COUNSEL OF WHAT EVIDENCE IT INTENDS TO INTRODUCE UNDER FED. R. EVID. 404(b) AT LEAST 60 DAYS BEFORE TRIAL

The defendant urges the Court to direct the government to notify defense counsel if, and if so what, evidence it intends to introduce under Fed. R. Evid. 404(b), no less than 60 days before trial. The trial in this case is less than 90 days away.  Should the government seek to introduce 404(b) evidence, defense counsel will most likely move for its preclusion.  The sooner the defendant is aware of what evidence will be introduced against him at trial under this evidentiary rule, the more effectively defense counsel will be able to map out a trial strategy and make crucial decisions such as the content of opening statements and whether or not the defendant will testify.

Fed. R. Evid. 404(b) requires that the government provide "reasonable notice in advance of trial."  Admittedly, 404(b) does not define what constitutes "reasonable notice."  However, commentary for that rule instructs that this notification is intended to reduce surprise and promote early resolution on the issue of admissibility.  *See* Fed. R. Evid 404(b) (Senate Committee Notes 1991 Amendment).  Accordingly, the defendant moves for an Order directing the

---

[2] The Court is reminded that all defense counsel has agreed to a Protective Order regarding discovery exchanged thus far and would undoubtedly be willing to apply that agreement to the above-requested material as well.  No safety concern, therefore, legitimately exists.

government to disclose any acts it wishes to introduce under Fed. R. Evid. 404(b) no later than 60 days before trial – which is approximately July 15, 2014.

### III. THE COURT SHOULD REQUIRE  THAT,  PURSUANT TO FED. R. CRIM. P. 16(A)(1)(G), THE GOVERNMENT DISCLOSE ANY EXPERT IT INTENDS TO CALL UNDER FED. R. EVID 702, 703 AND 705, AND PROVIDE THE DEFENDANT WITH A SUMMARY OF THE EXPERT'S OPINION, AS WELL AS THE EXPERT'S QUALIFICATIONS AND BASES FOR CONCLUSION.

Fed. R. Crim. P. 16(a)(1)(g) requires that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."  The defendant makes that formal request now.  Notably, in its April 1, 2014 letter, the government stated that it will comply with this obligation when the information "become[s] available."  The undersigned respectfully submits that this information is indeed available, based upon the way in which the government has prosecuted very similar cases in the past. In these cases, the government used, or consulted with, an expert on the sex trafficking business and the state of mind of a sex trafficking victim in its case-in-chief.  Given this history, we would move this Court to inquire of the government whether they intend to use an expert witness and if that witness has been identified.   If so, we ask that the government comply with Fed. R. Crim. P. 16 and provide the expert witness's identity, bases of conclusion, and qualifications.

### IV. CONCLUSION

For the foregoing reasons, the defendant's motion should be granted, or, in the alternative, an evidentiary hearing ordered to determine the factual issues

raised herein.  Additionally, defendant understands that his co-defendants may make motions as well.  To the extent that those motions pertain to the defendant, he joins their motion in all respects.

Dated: New York, New York
June 24, 2014

Respectfully submitted

SULLIVAN & BRILL, LLP

_____
By: Steven Brill, Esq.

115 Broadway 17th Floor
New York, NY  10006
212-566-1000
Steven.brill@sullivanbrill.com
*Attorney for Defendant Jorge Estrada Tepal*

cc: All counsel via ECF