<u>**United States v. Estrada-Tepal, et al.**</u>

**14-CR-105 (MKB)**

**EXHIBIT B**

**To the Government's Sentencing Letter**

**Dated September 14, 2015**

1

TM/MW
F.#2013R01154

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

RICARDO ESTRADA-TEPAL,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLEA AGREEMENT

14 CR 105 (S-2) (MKB)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and RICARDO ESTRADA-TEPAL (the "defendant") agree to the following:

    1.    The defendant will plead guilty to Counts One and Four of the above-referenced indictment, charging a violations of 18 U.S.C. §§ 1594(c) and 1591(a). These counts carry the following statutory penalties:

Count One

    a.    Maximum term of imprisonment: life
        (18 U.S.C. § 1594(c)).

    b.    Minimum term of imprisonment: 0 years
        (18 U.S.C. § 1591(c)).

    c.    Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to life without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant

COURT EXHIBIT
1

    commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)
(18 U.S.C. § 3583(b), (e) & (k)).

 d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

 e. Restitution: mandatory, in an amount to be determined by the Court
(18 U.S.C. § 1593).

 f. $100 special assessment
(18 U.S.C. § 3013).

 g. Other penalties: removal, as set forth below in paragraph 8; and sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 9.

Count Four

 a. Maximum term of imprisonment: life
(18 U.S.C. § 1591(b)(1)).

 b. Minimum term of imprisonment: 15 years
(18 U.S.C. § 1591(b)(1)).

 c. Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to life without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be

3

    sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a) (18 U.S.C. § 3583(b), (e) & (k)).

  d. Maximum fine: $250,000 (18 U.S.C. § 3571(b)(3)).

  e. Restitution: mandatory in an amount to be determined by the Court (18 U.S.C. §§ 1593, 3663 & 3663A).

  f. $100 special assessment (18 U.S.C. § 3013).

  g. Other penalties: removal, as set forth below in paragraph 8; and sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 9.

The sentence imposed on each count may run consecutively.

  2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 36, which is predicated on the following Guidelines calculation:

<u>Sex Trafficking of Jane Doe #2</u>

  Base Offense Level (§§ 2X1.1(a), 2G1.1(c)(1), 2A3.1(a)(2))  30

 Plus: Offense Involved Conduct Described in
    18 U.S.C. § 2241(a) or (b) (§ 2A3.1(b)(1))  +4

4

|  |  |
|---|---|
| Adjusted Offense Level | 34 |

<u>Sex Trafficking of Jane Doe #3</u>

|  |  |
|---|---|
| Base Offense Level (§§ 2X1.1(a), 2G1.1(c)(1), 2A3.1(a)(2)) | 30 |
| Plus:  Offense Involved Conduct Described in 18 U.S.C. § 2241(a) or (b) (§ 2A3.1(b)(1)) | +4 |
| Adjusted Offense Level | 34 |

<u>Multiple Count Analysis</u> (§§ 3D1.4, 2G1.1(d)(1))

|  |  |  |
|---|---|---|
| Highest Adjusted Offense Level |  | 34 |
| Jane Doe #2 (§ 3D1.4(a)) | + 1 unit |  |
| Jane Doe #3 (§ 3D1.4(a)) | + 1 unit |  |
| Plus: Two Levels |  | +2 |
| Less: Global Disposition |  | <u>-1</u> |
| Total |  | 35 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 33 and a range of imprisonment of 135-168 months, assuming that the defendant falls within Criminal History Category I.  However, because the defendant is subject to a mandatory minimum term of imprisonment of 180 months, the effective Guidelines range is 180 months.  The defendant stipulates to the above Guidelines calculation.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court.  If the Guidelines offense level advocated by

the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

      4.     The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of <u>180 months or below</u>. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 8 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

6

5. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for his participation in (1) conspiracy to commit sex trafficking, in or about and between 2007 and January 2014; (2) sex trafficking of Jane Doe #2, in or about and between July 2011 and October 2011; (3) sex trafficking of Jane Doe #3, in or about and between April 2013 and January 2014; (4) conspiracy to transport persons to engage in prostitution, in or about and between 2007 and January 2014; (5) transportation of Jane Doe #2 to engage in prostitution, in or about and between July 2011 and August 2011; (6) transportation of Jane Doe #5 to engage in prostitution, in or about and between July 2011 and August 2011; (7) transportation of Jane Doe #3 to engage in prostitution, in or about April 2013; (8) promotion of prostitution, in or about and between 2007 and January 2014; (9) conspiracy to transport illegal aliens, in or about and between 2007 and January 2014; (10) transportation of illegal aliens for financial gain, in or about and between 2007 and January 2014; and (11) illegal reentry, in or about and between 2011 and January 2014, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictment and any underlying indictments with prejudice;

and, based upon information now known to the Office, it will

    b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 5(a)-(b).

6.  This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7.  This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to plea offers dated January 6, 2015, on or before January 14, 2015, and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

   i.  Jorge Estrada-Tepal;

   ii. Ricardo Estrada-Tepal; and

   iii. Victor Leonel Estrada-Tepal.

If fewer than all of the covered defendants satisfy conditions (a) and (b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. No covered defendant will have the right to withdraw his guilty plea in any of those circumstances. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition.

8.  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to sex trafficking, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the

8

defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9. The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

10. No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior

9

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:     Brooklyn, New York
           January 14, 2015

>                          LORETTA E. LYNCH
>                          United States Attorney
>                          Eastern District of New York
>
> By:     /s/ Melody Wells
>         Melody Wells
>         Assistant United States Attorney
>
> Approved by:
>
>         /s/ Taryn A. Merkl
>         Taryn A. Merkl
>         Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

/s/ Ricardo Estrada-Tepal
RICARDO ESTRADA-TEPAL
Defendant

Approved by:

/s/ John Wallenstein
John Wallenstein, Esq.
Counsel to Defendant

Translated by:

/s/ Nancy Pratt